Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| FEDERICO E. GÓMEZ HERNÁNDEZ<br><br>Demandante-Peticionario<br><br>Vs.<br><br>STORM KING WINDOWS & DOORS, INC.; PAUL LAMBERT AND LUZANNETTE MELÉNDEZ Y LA SOCIEDAD LEGAL DE GNANCIALES COMPUESTA ENTRE AMBOS<br><br>Demandados-Recurridos | KLCE202500185 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV08695<br><br>Sala: 901<br><br>Sobre:<br><br>COBRO DE DINERO - ORDINARIO |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece la parte peticionaria, el señor Federico E. Gómez Hernández, solicita que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan.[1] Mediante el dictamen recurrido, el foro primario denegó la petición de levantar la rebeldía al peticionario respecto a la reconvención presentada en su contra.

Por los fundamentos que expresamos a continuación, *desestimamos* el recurso, al carecer de jurisdicción para atenderlo.

-*I*-

El 19 de septiembre de 2024 la parte peticionaria instó una acción de cobro de dinero en contra de la parte recurrida. El 8 de noviembre de 2024 una de las partes codemandadas, Stormking Windows presentó su contestación a la demanda y una reconvención en contra de la parte peticionaria. El 12 de

---

[1] Notificada el 11 de marzo de 2024.

Número Identificador

SEN2025 _____

noviembre de 2024, el foro primario ordenó a la parte peticionaria a contestar la reconvención conforme al término dispuesto en la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R.10.1.

Transcurrido el término reglamentario, el 3 de diciembre de 2024 la parte recurrida solicitó la anotación de rebeldía en contra de la parte peticionaria. El 17 de diciembre de 2024, el tribunal emitió orden, anotó la rebeldía a la parte peticionaria. El 21 de diciembre de 2024 la parte peticionaria solicitó al foro de primera instancia el dejar sin efecto la anotación de rebeldía impuesta en su contra. El 23 de enero de 2025, el tribunal notificó orden en la cual dispuso: "[n]o ha lugar a la solicitud del demandante de levantar la rebeldía en cuanto a la reconvención".

El 20 de febrero de 2025 la parte peticionaria solicitó reconsideración al tribunal. Conviene mencionar que surge de la entrada 43 del expediente electrónico que el 24 de febrero de 2025 el foro recurrido concedió un término de 15 días a las demás partes para presentar su posición en torno a la moción de reconsideración de la parte peticionaria. Ese mismo día la parte peticionaria compareció ante este tribunal mediante el presente recurso de *certiorari*.

Considerado el tracto procesal del caso, y según adelantado, procede la desestimación del presente recurso por falta de jurisdicción por prematuro.

*-II-*

*-A-*

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para

atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, supra; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom, O.G.P.*, 190 DPR 652, 659 (2014). *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

En consonancia, constituye norma reiterada el de la importancia de cumplir con los términos, debido a que un recurso presentado de modo prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *SLG. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar. Véase, *Rodríguez v. Segarra*, 150 DPR 649, 654 (2000).

### *-B-*

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone lo concerniente a la presentación de una moción de reconsideración y sus efectos procesales. Según esta:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales

relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

En esencia, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014) citando a *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). De optar por ello, la mera presentación oportuna de una moción de reconsideración provocará que *los términos para recurrir en alzada qued[en] automáticamente suspendidos para todas las partes. Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1000 (2015). Tales términos comenzarán a transcurrir nuevamente, a partir de la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330, 338-339 (2018); *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011).

El Tribunal Supremo ha resuelto de manera definitiva que, una moción de reconsideración interpuesta oportunamente y sometida antes de que se haya presentado algún recurso ante el tribunal apelativo intermedio suspenderá los términos para

recurrir en alzada y cualquier recurso apelativo que se presente previo a su resolución debe ser desestimado por prematuro. *Mun. de Rincón v. Velázquez Muñiz,* 192 DPR 989, 1004 (2015). Es imperativo esperar a que, el Tribunal de Primera Instancia disponga finalmente de la moción de reconsideración para recurrir al foro apelativo intermedio. *Íd.,* pág. 1005. Al así expresarse, el Tribunal Supremo acogió un comentario del tratadista Cuevas Segarra a los efectos de que:

> Bajo este nuevo esquema, [...] la parte perdidosa que haya presentado en tiempo una moción de reconsideración no puede apelar la sentencia mientras no se haya resuelto dicha moción, pues la sentencia no se convierte en definitiva o en final hasta que dicha petición haya sido denegada o resuelta de cualquier otra forma, pero de manera afirmativa.

> J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da Ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1371.

En suma, de presentarse un recurso de apelación antes de que el foro primario disponga de una moción de reconsideración, tal recurso resultaría prematuro, por lo que el foro intermedio carecería de jurisdicción para atenderlo. *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 174 (2016).

### -C-

La Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> > **(1) que el Tribunal de Apelaciones carece de jurisdicción;**
> > (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> > [...]

**(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.**

*-III-*

Según particularizamos en el tracto procesal, una vez el tribunal emitió la *Orden* recurrida, notificada el 23 de enero de 2025, la parte peticionaria instó ante ese mismo foro una oportuna *moción de reconsideración,* el 20 de febrero de 2024.

Por causa de la oportuna presentación de la *moción de reconsideración,* fueron paralizados los términos para acudir ante este foro intermedio mediante algún recurso apelativo. Agregue que, conforme a una revisión del expediente electrónico a la entrada 43 se desprende que, en su orden del 24 de febrero de 2025, el foro de primera instancia concedió un plazo al resto de las partes para expresar su posición en relación con la moción de reconsideración. Esto denota la intención del foro recurrido de disponer definitivamente de la reconsideración instada sobre el asunto de la anotación de rebeldía a la parte peticionaria.[2] En este caso, la presentación de la moción de reconsideración interrumpió automáticamente el término para recurrir ante este foro sobre tal asunto, y tal plazo continuará interrumpido hasta que, el foro primario disponga finalmente de la reconsideración solicitada.

En otras palabras, dado la moción de reconsideración no fue rechazada de plano, el foro primario retiene su jurisdicción para atender esa solicitud. *Mun. Rincón v. Velázquez Muñiz, supra*, pág. 999. No obstante, la parte peticionaria presentó su recurso de *certiorari* sin esperar a que el tribunal *a quo* resuelva finalmente su

---

[2] En nuestra jurisdicción es norma que, el tribunal ha "considerado" la moción de reconsideración cuando: señala una vista para escuchar a las partes, le solicita a la parte adversa que exponga su posición por escrito, entre otras. Véase, *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213 (1999); *Rodríguez Rivera v. Autoridad Carreteras,* 110 DPR 184 (1980).

moción de reconsideración, y al así actuar nos privó de jurisdicción para atenderlo, pues resulta prematura su presentación.

Según advertimos, un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que no nos queda otra solución que ordenar su desestimación. *Caratini v. Collazo Syst. Análysis, Inc.*, 158 DPR 345, 370 (2003).

La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede abrogársela. *Martínez v. J.P.*, 109 DPR 839, 842 (1980).

Por lo tanto, procede la desestimación del recurso por falta de jurisdicción.

### *-IV-*

Por los fundamentos expuestos, *desestimamos* el recurso de epígrafe, por falta de jurisdicción ante su presentación prematura.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones